## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PHILLIP L. MERRIEL,
a/k/a PHILLIP L. MERRIELL

      Petitioner,

v.                                                    Case No.  3:20-cv-5517-LC-MJF

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      Petitioner Phillip L. Merriell, DC# 055175, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition as untimely. (Doc. 8). Merriell opposes the motion. (Doc. 13). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Merriell's petition should be dismissed as untimely.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background and Procedural History

In Okaloosa County Circuit Court Case No. 2008-CF-1715, Merriell was charged with six crimes: (1) Attempted First Degree Felony Murder with a Weapon or Firearm; (2) Armed Kidnapping with a Weapon; (3) Sexual Battery with a Firearm; (4) Aggravated Battery; (5) Grand Theft Auto; and (6) Possession of a Firearm by a Conviction Felon. (Doc. 8, Ex. A).[2] On September 9, 2008, Merriell was committed to the Florida Department of Children and Families ("DCF") as incompetent to proceed. (Ex. B).

On July 2, 2013, Merriell's treating doctors at the Florida State Hospital submitted a competency evaluation to the trial court, dated June 25, 2013, opining that Merriell was competent to proceed and no longer met the criteria for continued involuntary commitment. (Ex. B). The trial court set a competency hearing for July 17, 2013. (Ex. E). At the competency hearing, the trial court reviewed the competency evaluation and made an oral finding that Merriell was competent to proceed. (*Id.* at 358). The court did not memorialize its finding of competency in a written order.

---

[2] Citations to the state court record are to the electronically-filed exhibits attached to the State's motion to dismiss. (Doc. 8). When a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom center of the document.

Merriell was tried on Counts 1-5 on May 27, 29, and 30, 2014. (Ex. C (Tr. of Trial)). The jury found Merriell guilty of all counts as charged. (*Id.*). At the sentencing hearing, the State nolle prossed Count 6. (*Id.* at 10). On June 18, 2014, the trial court adjudicated Merriell guilty of Counts 1-5 and sentenced him to imprisonment for life. (Ex. D (Tr. of Sentencing)).[3]

Merriell filed a direct appeal in the Florida First District Court of Appeal ("First DCA"), where he raised two issues: (1) the trial court fundamentally erred in failing to conduct a proper competency hearing and in failing to enter a written order finding him competent to proceed; and (2) the trial court committed a sentencing error. (Ex. F). On August 4, 2015, the First DCA affirmed the judgment and sentences, but remanded "for the trial court to enter a *nunc pro tunc* order adjudicating [Merriell] competent to proceed." *Merriell v. State*, 169 So. 3d 1287 (Fla. 1st DCA 2015) (per curiam) (copy at Ex. I).

Upon issuance of the First DCA's mandate on August 20, 2015, the trial court entered a written order adjudicating Merriell competent to proceed. (Ex. J). The order was entered on August 21, 2015, *nunc pro tunc* to July 17, 2013—the date of Merriell's competency hearing. (*Id.*).

---

[3] Merriell was sentenced to five concurrent terms of life imprisonment.

On July 7, 2017, Merriell filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. K). On September 26, 2017, the state circuit court struck the motion without prejudice to Merriell filing an amended, properly sworn, facially- and legally-sufficient Rule 3.850 motion within 60 days from the date of service of that order. (Ex. L).

Over one year later, on November 27, 2018, Merriell filed an amended Rule 3.850 motion. (Ex. M at 14-24). The state circuit court denied the motion with prejudice under Florida Rule 3.850(f)(2), because it was not filed within the time allowed for amendment, it failed to satisfy the pleading requirements of Rule 3.850(c), and it failed to state a basis for postconviction relief. (*Id*. at 25-38). The First DCA affirmed without opinion. *Merriell v. State*, 289 So. 3d 1272 (Fla. 1st DCA 2019) (per curiam) (Table) (copy at Ex. P). The mandate issued February 28, 2020. (*Id*.).

Merriell filed his federal habeas petition on June 1, 2020. (Doc. 1 at 1). The petition raises one claim: "Counsel rendered ineffective assistance for failing to object to impromptu competency hearing." (*Id*. at 5). The State asserts that Merriell's petition is time barred. (Doc. 8 at 6-10). The State argues alternatively that Merriell's ineffective assistance claim is procedurally defaulted and without merit. (*Id*. at 10-23).

## II. Discussion

**A.     Merriell's Petition Is Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
governs Lowe's § 2254 petition, because the petition was filed after the AEDPA's
effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The
AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal
habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the
latest of:

> (A)  the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C)  the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Merriell does not assert that a State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger—the date Merriell's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Under § 2244(d)(1)(A), Merriell's judgment became final on November 2, 2015—ninety days after the First DCA's August 4, 2015, judgment—when Merriell's time for filing a *certiorari* petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review to the United States Supreme Court, judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court . . . expires."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that petitioner's limitations period began to run 90 days after the Florida appellate court affirmed his conviction and sentence).

The federal habeas limitations period began to run one day later, on November 3, 2015, and expired one year later, on November 3, 2016, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run). Merriell did not file any tolling applications during that critical one-year period. *See* 28 U.S.C. § 2244(d)(2).

Merriell's Rule 3.850 motions did not statutorily toll the limitations period, because the limitations period already had expired by the time he filed them. "[W]here a state prisoner attempts to file post-conviction motions in state court after the AEDPA limitations period had expired, those attempted filings cannot toll the limitations period because 'once a deadline has expired, there is nothing left to toll.'" *Jones v. Sec'y, Fla. Dep't of Corr.*, 499 F. App'x 945, 951 (11th Cir. 2012); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir.2003) ("While a 'properly filed' application for post-conviction relief

tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Merriell's time to file his federal habeas petition expired on November 3, 2016. Merriell's petition, filed on June 1, 2020, is untimely by *more than three years*.

**B.    Merriell Is Not Entitled to Equitable Tolling**

Merriell asserts that he is entitled to equitable tolling for a three-month period—from March 31, 2016, to June 26, 2016—because he "was transferred several times for medical reasons by the FDC." (Doc. 13 at 2). Merriell alleges that "after finally settling in a permanent facility that had access to the Law Library and recovering from his medical ailments, [he] pursued to the best of his abilities and knowledge, to file a properly and timely post-conviction motion within the two-year period for filing a Florida post-conviction motion." (*Id*. at 2-3).

**1.    *Equitable Tolling Standard***

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence").

Regarding the first prong of the equitable tolling standard, the Eleventh Circuit has held that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. The petitioner must allege more than conclusory allegations, *id.* at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.

Regarding the diligence prong, the Supreme Court has clarified that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations and quotation marks omitted).

### 2.    *Lack of Extraordinary Circumstances for Equitable Tolling*

Merriell's bare assertions regarding transfers and lack of library access for three months are conclusory. Merriell fails to explain how the transfers—or lack of access to a law library—prevented him from timely filing his § 2254 petition. "[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014); *see also, e.g., Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (holding that prisoner's bare assertion regarding lack of library access were conclusory and failed to establish entitlement to equitable tolling); *Daniels v. Florida*, 769 F. App'x 809, 811 (11th Cir. 2019) ("We've held that periods of time in which a prisoner is separated from his legal documents typically do not constitute extraordinary circumstances.") (citing *Dodd v. United States*, 365 F.3d 1273, 1283-84 (11th Cir. 2004)).

### 3.    *Merriell Fails to Establish that He Exercised Diligence*

Merriell also fails to carry the burden of proving the diligence required for this court to grant equitable tolling. Filing a Rule 3.850 motion only one month before Florida's two-year limitations period expired does not demonstrate the diligence necessary for equitable tolling. *See* Fla. R. Crim. P. 3.850(b) (establishing

a two-year limitations period that runs from the date the judgment and sentence become final).

Furthermore, Merriell had 4½ months *before* the prison transfers, and 4½ months *after* the transfers—with no impediments—to prepare his § 2254 petition or a statutory tolling motion. Merriell alleges no facts suggesting that he ever attempted to file his § 2254 petition within the limitations period, much less that he *diligently* pursued relief. *See Dodd*, 365 F.3d at 1283-84 (holding that prisoner who claimed he was transferred to a different facility for over ten months without his legal property was not entitled to equitable tolling of the § 2255 limitations period; prisoner had nearly five months with no impediments to prepare his motion and presented no evidence that he undertook any action that would suggest reasonable diligence under the circumstances).

Even if the District Court were to determine that Merriell was entitled to equitable tolling for the three-month period he identifies, that would extend his limitations period from November 3, 2016, to approximately February 3, 2017. Merriell did not file his § 2254 petition, or a statutory tolling motion, within that time. Instead, Merriell waited a full five months *after* his extended federal limitations period expired before filing his original Rule 3.850 motion on July 7, 2017.

Merriell's equitable-tolling argument fails to satisfy the equitable-tolling standard and, in any event, does not overcome the statute of limitations bar. Merriell's untimely petition should be dismissed.

### III.  CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  Respondent's Motion to Dismiss (Doc. 8) be **GRANTED**.

2.  The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Phillip*

*Lamar Merriell*, Okaloosa County Circuit Court Case No. 2008-CF-

1715, be **DISMISSED WITH PREJUDICE** as time barred.

3.      The District Court **DENY** a certificate of appealability.

4.      The clerk of court close this case file.

At Panama City, Florida, this <u>17th</u> day of February, 2021.

<u>/s/</u> *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**